UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

LINEAL R. EL-AMIN,                    )        CASE NO. 1:07 CV 3646
                                      )
            Plaintiff,                )
                                      )        JUDGE KATHLEEN M. O'MALLEY
      v.                              )
                                      )
JUDGE TIMOTHY MCGINTY,                )        MEMORANDUM OF OPINION
                                      )        AND ORDER
            Defendant.                )

On November 26, 2007, pro se plaintiff Lineal R. El-Amin filed this action under

42 U.S.C. § 1981 against Cuyahoga County Court of Common Pleas Judge Timothy McGinty.  In

the complaint, plaintiff asserts he was unfairly charged with failing to register his address as a

sexual offender.  He seeks monetary damages and an investigation into the defendant's judicial

practices.  Mr. El-Amin also filed an Application to Proceed In Forma Pauperis.  That Application

is granted.

**Background**

Mr. El-Amin alleges that charges were brought against him for failing to register his

address.  He has been classified by the State of Ohio as a sexual oriented offender, having been

convicted in 1998 on charges of unlawful sexual conduct with a minor.  Pursuant to Ohio Revised

Code § 2950.05, he is required to register his address with the sheriff of the county in which he resides.  He claims he was presented with a form to sign indicating he understood the registration requirements and acknowledging his address.  Mr. El-Amin did not sign the form, but instead wrote in the words, "without prejudice UCC 1-204."  (Compl. Ex. 5.)

An indictment for failing to register his address was filed against him on July 21, 2005 and a warrant was issued for his arrest.  (Compl. Ex. 6.)  He was taken into custody in December 2005.  Bond was set originally at $ 5,000.00, which he posted on December 22, 2005 to secure his release.  It was revoked on two occasions when Mr. El-Amin failed to attend hearings, but was reinstated both times when he reported to court.  Eventually his bond was set at $10,000.  Mr. El-Amin's case proceeded to trial on November 17, 2006.  The jury returned a verdict of "not guilty" on November 21, 2006.  Mr. El-Amin asserts that Judge McGinty's action violated 42 U.S.C. § 1981.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City

---

[1]    An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

As an initial matter, plaintiff fails to state a cause of action under 42 U.S.C. §1981. To establish a claim under that statute, plaintiff must allege: (1) he is a member of a racial minority, (2) the defendants intended to discriminate against him on the basis of his race, and (3) the discrimination concerned one or more of the activities enumerated in the statute.  Johnson v. Harrell, No. 97-5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998); Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996).  The amended complaint gives no indication of the plaintiff's race and fails to allege any actions in which Judge McGinty participated.  There is certainly no indication that Judge McGinty intended to discriminate against him on the basis of his race.  His requests for relief under this statute must therefore be denied.

Even if Mr. El-Amin had alleged all of the elements of a cause of action under 42 U.S.C. § 1981, he could not obtain monetary damages from this defendant.  Judicial officers are absolutely immune from civil suits for money damages.  Mireles v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997).  They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants.  Barnes, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only in two limited situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides.  Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116.  Stump, 435 U.S. at 356-57.  A judge will be not deprived of immunity even if the action he or she took was

3

performed in error, done maliciously, or was in excess of his or her authority. Mr. El-Amin asserts that charges should not have been brought against him and his bond should not have been forfeited. Even though a jury eventually found Mr. El-Amin "not guilty," he does not have recourse against the judge for damages under 42 U.S.C. §1981.

## Conclusion

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: February 12, 2008

_____

[2]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4